# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| CHRISTOPHER L. JONES, *Plaintiff*, v. Commissioner TIMOTHY WARD *et al.*, *Defendants*. | CIVIL ACTION NO. 5:20-cv-00336-TES-MSH |

# ORDER

Pursuant to Federal Rule of Civil Procedure 72, Plaintiff Christopher Jones objected to two nondispositive rulings made by Judge Hyles, the United States Magistrate Judge assigned to this case. *See* [Doc. 116], [Doc. 126], [Doc. 132], [Doc. 137].

First, Plaintiff objects to Judge Hyles' ruling denying his motion to add Robert Toole, the Director of Field Operations for the Georgia Department of Corrections ("GDC") and Ahmed Holt, the Assistant Commissioner of Facilities, as defendants on his retaliation and procedural due process claims. On April 26, 2022, Judge Hyles denied Plaintiff's motion to add the requested defendants due to undue delay and futility. [Doc. 113], [Doc. 116, p. 2]. On May 17, Judge Hyles denied Plaintiff's motion for reconsideration of his order denying Plaintiff's motion to add Toole and Holt,

concluding that such an amendment would be futile.[1] [Doc. 126]. On May 25, Plaintiff filed a Notice of Appeal [Doc. 132] seeking district-judge review of Judge Hyles' orders refusing to add Holt and Toole, [Doc. 116], [Doc. 126], and Plaintiff later included a Brief in Support of Appeal. [Doc. 137].

Because Judge Hyles' orders do not dispose of a claim or defense of any party, they are nondispositive orders. [Doc. 116], [Doc. 126]; *see Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam). For a district judge to modify or set aside a nondispositive ruling under Rule 72, Plaintiff must establish that any conclusion to which he objects or seeks reconsideration of a magistrate judge's orders is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. Rule 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016–17 (5th Cir. June 1981);[2] *Williams v. Wright*, No. CV 309-055, 2009 WL 4891825, at *1 (S.D. Ga. Dec. 16, 2009) (quoting Fed. R. Civ. P. 72(a)) ("A district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider . . . objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'").

---

[1] Judge Hyles concluded his May 17 Order on Plaintiff's Motion for Reconsideration by explaining that as an alternative to reconsideration, Plaintiff asks that his motion be treated as an appeal of a magistrate judge's order. [Doc. 126, p. 6], [Doc. 125, p. 5]. Judge Hyles then informed Plaintiff that if he "wishes to appeal this Court's order, however, he needs to file a separate document specifically designating it as an appeal." [Doc. 126, p. 6]. The Court assumes that Plaintiff filed his "Notice of Appeal," [Doc. 132], and "Brief in Support of Appeal," [Doc. 137], in response to this instruction.

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

"Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citations omitted); *see also Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ellis v. United States*, No. 3:15-cv-1078-J-34JBT, 2016 WL 1658706, at *1 (M.D. Fla. Apr. 27, 2016) (quoting *Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007)).

In this case, Judge Hyles clearly and correctly explained why Plaintiff's motions to add defendants should be denied because of undue delay and futility. *See* [Doc. 116, p. 2 (explaining that although he has filed a recast complaint and three motions to amend since his original compliant, he did not seek to add Toole and Holt, [Doc. 113], until after these motions)], [Doc. 116, pp. 3–4 (explaining that Plaintiff neither set forth the substance of the proposed amendment nor attached a copy of the proposed amendment (citing *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (per curiam))]; [Doc. 126, pp. 2–3, 5 (again noting that Plaintiff did not attach a copy of a proposed amended

complaint and concluding that Plaintiff's claims would be futile because none of the emails Plaintiff references show Toole or Holt retaliating against Plaintiff or depriving him of due process)].

But, Judge Hyles didn't deny Plaintiff's amendment solely on procedural grounds—he also found that Plaintiff's claims would be futile because Plaintiff's motion failed "to allege enough facts to state a claim for relief against Toole and Holt, and the emails do not provide sufficient factual matter to cure the omission." [Doc. 126, p. 5]. Plaintiff obviously disagrees with Judge Hyles' determination that the claims he sought to add against Toole and Holt are futile. [Doc. 132], [Doc. 137]. However, the real question this Court must answer is whether it is left with the requisite firm conviction that Judge Hyles made a mistake. *Holton*, 425 F.3d at 1350. In short, it isn't.

The upshot of Plaintiff's argument in his Rule 72-based appeal is that Toole knew of a variety of constitutional violations alleged by Plaintiff through the emails sent to him from his supervisor and others, had a duty to investigate and correct those violations, and ultimately did not do so. *See* [Doc. 132], [Doc. 137]. His reasoning for adding Holt as a defendant seems to be that Holt allegedly violated Plaintiff's constitutional rights by directing his subordinates to assign Plaintiff to the Tier II program. [Doc. 137, pp. 9–10]. The constitutional violations Plaintiff attempts to raise mostly relate to the alleged retaliation he faced from prison officials for filing grievances and submitting a letter of complaint. [*Id.* at p. 4]. Plaintiff argues that Holt's liability can

4

be implied by the fact that Toole sent an email including an interview of Plaintiff conducted by GDC Investigator Chris Bish to Holt, that Holt was copied on an email from Toole to Defendant Crickmar, and the Court should imply that Holt is the "+2" in the "keep him in Tier 2 per RD Crickmar/+2" language Defendant Crickmar emailed to Defendant Perry. [*Id.*]. Finally, Plaintiff asserts that Defendants have not complied with the Court's Order that they turn over all communications they possessed that concerned Plaintiff because there should be a response from Holt to one of Toole's emails to him. [Doc. 137, p. 10].

Plaintiff also gives several direct responses to Judge Hyles' orders and gives purported reasons for some of the issues he had regarding the timing of his motions. He argues that he did not previously attach the relevant emails in previous motions because he was being hampered by the Prison Mailroom's "capricious and arbitrary" decisions to not allow him to receive copies of the emails. [Doc. 132, p. 2]. He also states that he would have made these arguments sooner but that he did not have the opportunity to do so because the emails were newly discovered and that everything in them was previously unknown. [Doc. 137, p. 18].

Upon careful consideration of Plaintiff's objections, the Court concludes that Judge Hyles' orders were neither clearly erroneous nor contrary to law. Plaintiff waited to add Toole and Holt after filing a recast complaint and three motions to amend his original complaint. *See* [Doc. 1.], [Doc. 4], [Doc. 16], [Doc. 24], [Doc. 66]; *see also Curry v.*

5

*Sellers*, No. 5:17-cv-00424-MTT-CHW, 2019 WL 4720985, at *3–4 (M.D. Ga. Sept. 26, 2019) (denying plaintiff's fifth, and arguably sixth, attempt to amend his complaint due to failure to add defendants at an earlier stage of the proceeding). Additionally, none of the emails provided by Plaintiff evidence Toole or Holt retaliating against him. And even if Toole was later made aware of Plaintiff's complaints regarding his placement in the Tier II program, as Judge Hyles correctly explained, "[t]he mere fact that a prison official denies a grievance or fails to otherwise respond to a letter of complaint is insufficient to impose liability under § 1983." *Skinner v. Derebail*, No. 1:13-cv-44-WLS, 2013 WL 2404072, at *3 (M.D. Ga. May 31, 2013); *see Stafford v. Hamm*, No. 5:14-cv-0377-HL-MSH, 2015 WL 77534, at *3 (M.D. Ga. Jan. 6, 2015) ("[P]articipation in an after-the-fact review is not enough to establish the Warden's personal involvement in that unlawful conduct."); *Crowder v. Lash*, 687 F.2d 996, 1005–06 (7th Cir. 1982) (holding that supervisor could not be held liable based on letter plaintiff sent complaining of his conditions of confinement). [Doc. 124, pp. 5–6]. Accordingly, the Court **DENIES** Plaintiff's Rule 72 Appeal [Doc. 132] of Judge Hyles' orders. They shall remain in effect.

**SO ORDERED**, this 18th day of August, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
