IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHRISTOPHER L. JONES,<br><br>*Plaintiff*,<br><br>v.<br><br>Commissioner TIMOTHY WARD, *et al.*,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:20-cv-00336-TES-MSH |

# ORDER

Pursuant to Federal Rule of Civil Procedure 72, Plaintiff Christopher Jones objects to several nondispositive rulings made by Judge Hyles, the United States Magistrate Judge assigned to this case, in two of the Court's Orders dated November 9, 2022. *See* [Doc. 226]; [Doc. 227]; [Doc. 237]; [Doc. 242]. First, Plaintiff objects to the magistrate judge's decisions to deny Plaintiff's motion to add Pamela Maxie [Doc. 212], motion to add Charles Kegler [Doc. 215], and motion to add "Macon State Prison 2nd Shift Staff" [Doc. 217] as parties to this case. [Doc. 226]; [Doc. 237]. Second, Plaintiff objects to the magistrate judge's decisions to deny in part Plaintiff's fifth motion to compel [Doc. 175] and "Motion to Clarify Admissions AND [*sic*.] to Sanction the Defendants for False and Bad Faith [R]esponses to Plaintiff's Requests for Admissions" [Doc. 176]. [Doc. 227]; [Doc. 242]. Finally, Plaintiff objects to the magistrate judge's

decision to deny his request to file objections to Defendants' response to his motion to clarify admissions and to sanction Defendants. *See* [Doc. 221]; [Doc. 222]; [Doc. 227]; [Doc. 242]. Plaintiff timely filed his Rule 72-based objections. *See* Fed. R. Civ. P. 72(a) (requiring a party to object to a magistrate judge's order resolving a "pretrial matter not dispositive of a party's claim or defense" within fourteen days after being served with a copy of such order). "A party may not assign as error a defect in the order not timely objected to." *Id.*

Because the magistrate judge's orders Plaintiff objects to do not dispose of a claim or defense of any party, they are nondispositive orders. [Doc. 226]; [Doc. 227]; *see Smith v. Sch. Bd. Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam). For a district judge to modify or set aside a nondispositive ruling under Rule 72, Plaintiff must establish that the magistrate judge's order or any conclusion to which he objects or seeks reconsideration of is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Merritt v. Int'l Bhd. Boilermakers*, 649 F.2d 1013, 1016–17 (5th Cir. June 1981);[1] *Williams v. Wright*, No. CV 309-055, 2009 WL 4891825, at *1 (S.D. Ga. Dec. 16, 2009) ("A district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider . . . objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" (quoting Fed. R. Civ. P. 72(a))).

---

[1] In *Bonner v. City Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

"Clear error is a highly deferential standard of review." *Holton v. City Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citations omitted); *see also Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ellis v. U.S.*, No. 3:15-cv-1078-J-34JBT, 2016 WL 1658706, at *1 (M.D. Fla. Apr. 27, 2016) (punctuation omitted) (quoting *Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007)).

Plaintiff obviously disagrees with the magistrate judge's rulings. *See* [Doc. 226]; [Doc. 227]; [Doc. 237]; [Doc. 242]. However, the real question this Court must answer is whether it is left with the requisite firm conviction that the magistrate judge made a mistake. *Holton*, 425 F.3d at 1350. In short, it isn't.

Upon careful consideration and a thorough review of Plaintiff's objections, the Court concludes that the magistrate judge's orders were neither clearly erroneous nor contrary to law. Accordingly, the Court **OVERRULES** Plaintiff's Rule 72-based

objections, [Doc. 237], [Doc. 242], to the magistrate judge's orders, [Doc. 226], [Doc. 227].

The magistrate judge's orders shall remain in effect.

**SO ORDERED**, this 8th day of December, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
